

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/28/2021

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JEFFREY F. FRANK**
*Assistant Corporation Counsel*
Tel: (212) 356-3541
Cell: (929) 930-0780
Email: jefrank@law.nyc.gov

July 27, 2021

**VIA ECF**
Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Any response by Plaintiff to this letter shall be filed no later than August 6, 2021.

SO ORDERED:

7/28/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re:   Hopeton Francis v. City of New York, et al.
18-CV-6468 (GBD) (RWL)

The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se Plaintiff.

Your Honor:

I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, handling the defense of the above-referenced matter. In that capacity, I write to respectfully request that the Court: (1) compel plaintiff to produce responses to defendants' discovery demands, on pain of dismissal, within two weeks of the Court's Order; (2) grant a corresponding extension of the time to serve requests for production, *nunc pro tunc*, from July 13, 2021, to August 13, 2021; (3) grant a corresponding extension of the time to take depositions from August 27, 2021, until October 22, 2021; and (4) grant a corresponding extension of the time to complete discovery from August 27, 2021, until October 22, 2021.

This is defendants' first request for extensions of these discovery deadlines, and it is made without the consent of plaintiff. As plaintiff has yet to respond to defendants' request to provide a telephone number or email address, defendants have been unable to speak with plaintiff regarding his discovery deficiencies. Defendants are aware of Your Honor's Individual Rules and Practices regarding discovery disputes requiring that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." However, given the fact that plaintiff has never provided defendants with a phone number or email address, and has not yet responded to any of defendants' prior requests, in an effort to not cause undue delay in this litigation, defendants are making this motion without having conferred with plaintiff by phone or in person.

## I.     Procedural History.

By way of background, plaintiff *pro se* commenced this action on July 17, 2018 (Docket Entry No. 2)  The complaint alleges, *inter alia*, that on April 6, 2018, plaintiff was subjected to excessive force and falsely arrested by members of the New York City Police Department ("NYPD").  On March 20, 2019, plaintiff filed an amended complaint naming as defendants two members of the NYPD — Officer Evelyn Oropeza-Zuniga and Sergeant Luis Rodriguez (Docket Entry No. 23)  On or about April 7, 2021, plaintiff wrote a letter advising the Court of his new address.  (Docket Entry No. 83)  Defendants have not received any communications from plaintiff since that letter was entered on the docket.

## II.     Discovery History.

On April 12, 2021, defendants filed a proposed case management plan and scheduling order, (Docket Entry No. 84), which the Court endorsed, (Docket Entry No. 86).  On April 12, 2021, defendants also mailed to plaintiff a letter requesting plaintiff's phone number and/or email address, to facilitate communication between the parties.  (See Ex. A)  On April 13, 2021, the Court issued an Order directing the Clerk of Court to attempt to locate *pro bono* counsel to appear on behalf of plaintiff for the limited purposes of conducting discovery and engaging in settlement discussions.  (Docket Entry No. 87)  The Order cautioned that "plaintiff should be prepared to proceed with the case without an attorney," as there was no guarantee that a volunteer attorney would agree to take plaintiff's case.  (Id.)

On May 7, 2021, defendants served plaintiff with a Notice of Deposition and Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff (hereinafter "Defendants' First Discovery Requests").  (See Ex. B)  Pursuant to Federal Rules of Civil Procedure 33 and 34, plaintiff was obligated to respond to defendants' discovery demands within thirty (30) days of service.  Having received no response or other communication from plaintiff, on June 18, 2021, defendants served plaintiff with a deficiency letter requesting a response by June 25, 2021.  (See Ex. C)  To date, defendants have yet to receive a response or any other communication from plaintiff.

## III.    Relief Requested.

Without plaintiff's telephone or email contact information, or any response to Defendants' First Discovery Requests whatsoever, defendants have been unable to conduct any further investigation into plaintiff's claims.  "A plaintiff has a general obligation to prosecute his case diligently . . . and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute."  Mercedes v. N.Y. Dep't of Corr., 12-CV-2293 (LTS) (DF), 2013 U.S. Dist. LEXIS 166619, at *3–4 (S.D.N.Y. May 24, 2013) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982)).  Dismissal is warranted where a plaintiff fails to respond to defendants' discovery demands and fails to provide defendants with any discovery requests of his own.  See Rahim v. City of New York, 11-CV-2924 (LTS) (HBP), 2015 U.S. Dist. LEXIS 43749, at **3–4 (S.D.N.Y. Apr. 2, 2015) (explaining that, alone, plaintiff's inactivity over a ten-month period was sufficient to warrant dismissal for failure to prosecute).

This is not the first time that plaintiff has failed to timely respond to the Court's Orders or defendants' requests. (See Docket Entry Nos. 49, 53) (warning on September 22, 2020, and again on October 29, 2020, that plaintiff's failure to comply with the Court's orders may result in dismissal of his case for failure to prosecute). Should the Court extend the discovery deadlines and order that plaintiff respond to Defendants' First Discovery Requests by a certain date, defendants will seek leave to file a motion to dismiss if plaintiff fails to comply with such Order. Alternatively, the Court *sua sponte* may dismiss plaintiff's action under Rule 41(b). See Mercedes, 12-CV-2293 (LTS) (DF), at *4 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962)) ("[B]ecause district courts are 'necessarily vested' with the control required 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,' this Court may even dismiss an action *with* prejudice, where a plaintiff fails to prosecute his case.").

Accordingly, as a result of plaintiff's delay, defendants respectfully request that the Court: (1) compel plaintiff to produce responses to defendants' discovery demands, on pain of dismissal, within two weeks of the Court's Order; (2) grant a corresponding extension of the time to serve requests for production, *nunc pro tunc*, from July 13, 2021, to August 13, 2021; (3) grant a corresponding extension of the time to take depositions from August 27, 2021, until October 22, 2021; and (4) grant a corresponding extension of the time to complete discovery from August 27, 2021, until October 22, 2021. The requested extensions of time should be sufficient for plaintiff to respond to Defendants' First Discovery Requests and provide any properly executed release(s), and for this Office to process the release(s) and obtain the relevant documents.

Thank you for your consideration herein.

Respectfully submitted,

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

Enclosures (3)

cc:     **Via First Class Mail**
        Hopeton Francis
        Plaintiff *Pro Se*
        187-11 Liberty Avenue
        Queens, NY 11412

# EXHIBIT A



**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JEFFREY F. FRANK**
*Assistant Corporation Counsel*
(passed October 2020 bar exam)
phone: (929) 930-0780
jefrank@law.nyc.gov

April 12, 2021

Hopeton Francis
Plaintiff, *Pro Se*
187-11 Liberty Avenue
Queens, New York 11412

Re:   Hopeton Francis v. City of New York, et al.
18-CV-6468 (GBD) (RWL)

Mr. Francis:

I am an attorney[1] representing the defendants City of New York, Police Officer Evelyn Oropeza-Zuniga, and Sergeant Luis Rodriguez in your lawsuit.  In that capacity, I write to request a phone number and/or email address at which my Office can reach you.

As your case moves forward, we will need to communicate in order to exchange documents related to your case.  Having your phone number and/or email address will make it easier for us to communicate efficiently.

At your earliest convenience, please call me at (929) 930-0780 or email me at jefrank@law.nyc.gov to provide your contact information.

Thank you in advance for your cooperation.

Sincerely,

Jeffrey F. Frank

*Assistant Corporation Counsel*
Special Federal Litigation Division

---

[1] I am only licensed to practice law in Connecticut.  As my application for admission to the New York State Bar is pending, I am handling this matter under the supervision of Senior Counsel Christopher D. DeLuca.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------ x

Hopeton Francis,

                                         Plaintiff,

-against-

City of New York, P.O. Evelyn Oropeza-Zuniga,
Sergeant Luis Rodriguez,

                                      Defendants.

------------------------------------------------------------------------ x

**AFFIDAVIT OF SERVICE**

**18-CV-6468 (GBD) (RWL)**

STATE OF NEW YORK     )
                            )   ss.:
COUNTY OF NEW YORK   )

**ARITON MARKE**, duly sworn deposes and says that:

1.      The deponent is not a party to the action and is 18 years of age or older.

2.      On **May 7, 2021**, the deponent served the (1) **Defendant's First Interrogatories and Request for Production of Documents to Plaintiff** and (2) **Notice of Deposition** upon the following person or persons:

> Hopeton Francis
> *Plaintiff Pro Se*
> 187-11 Liberty Avenue
> Queens, New York 11412

3.      The number of copies served on each of said persons was 1.

4.      The method of service on each of said persons was:

By mailing the paper to the person at the address designated by him for that purpose by depositing the same in a first class, postpaid, properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States Postal Service within the State of New York pursuant to CPLR 2103(b)(2).

                                                      **ARITON MARKE**

**Sworn to before me this**

**7th day of May 2021**

INEZ CONTRERAS
Commissioner of Deeds
City of New York No. 1-10126
Certificate Filed in New York County
Commission Expires 11-01-2022

# EXHIBIT C



**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**CHRISTOPHER D. DELUCA**
*Senior Counsel*
Phone: (212) 356-3535
Fax: (212) 356-3509
Email: cdeLuca@law.nyc.gov

June 18, 2021

Hopeton Francis
Plaintiff *Pro Se*
187-11 Liberty Avenue
Queens, NY 11412

   Re: <u>Hopeton Francis v. City of New York, et al.</u>
     18-CV-6468 (GBD) (RWL)

Mr. Francis:

   As you are aware, you were served with Defendants' First Set of Interrogatories and Request for Production of Documents on May 7, 2021. Pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 33 and 34, you were obligated to respond to said discovery demands within thirty (30) days of service. However, to date, defendants have not received any responses to Defendants' First Set of Interrogatories and Request for Production of Documents from you.

   Please serve your responses by June 25, 2021; otherwise, defendants will seek court intervention. Additionally, pursuant to F.R.C.P. 33 and 34, because you failed to either respond or seek an enlargement of time in which to respond to defendants' discovery requests, any potential objections have now been waived.

   Should you have any questions or concerns, please do not hesitate to contact me.

              Very truly yours,

              Christopher D. DeLuca
              *Senior Counsel*
              Special Federal Litigation Division

**<u>AFFIDAVIT OF SERVICE BY MAIL</u>**

I, **JEFFREY F. FRANK**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on June 18, 2021, I served one **DEFICIENCY LETTER, DATED JUNE 18, 2021** upon Hopeton Francis, *pro se* plaintiff in the matter, <u>Hopeton Francis v. City of New York, et al.</u>, No. 18-CV-6468 (GBD) (RWL), by depositing one (1) copy of same in a postpaid, properly addressed envelope, placed in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the plaintiff in the address listed below, that being the last known address designated by plaintiff for that purpose:


Hopeton Francis
Plaintiff, *Pro Se*
187-11 Liberty Avenue
Queens, NY 11412


Dated:   New York, New York
     June 24, 2021




                    _____
                    Jeffrey F. Frank
                    *Assistant Corporation Counsel*