UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

HOPETON A. FRANCIS,

                Plaintiff,

   -against-

CITY OF NEW YORK, POLICE OFFICER
EVELYN OROPEZUNIGA, AND SERGEANT
LUIS RODRIGUEZ,

                Defendants.
------------------------------------- X

MEMORANDUM DECISION
AND ORDER

18 Civ. 6468 (GBD) (RWL)

GEORGE B. DANIELS, District Judge:

    Plaintiff Hopeton A. Francis filed an amended, *pro se* complaint on April 13, 2021 raising various civil rights claims under 42 U.S.C. § 1983 against the City of New York and two New York City police officers. (First Amended Complaint ("FAC"), ECF No. 23, at 2–5.) Before this Court is Magistrate Judge Robert W. Lehrburger's February 3, 2022 Report and Recommendation recommending that Plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (R. & R. to the Honorable George B. Daniels (the "Report"), ECF No. 105, at 3.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I.    FACTUAL BACKGROUND

    Plaintiff alleges that he suffered physical injuries and emotional distress due to a purported false arrest by New York City police officers Evelyn Oropezazuniga and Sgt. Luis Rodriguez.

(FAC at 3–5.) Plaintiff's *pro se* complaint, which was subsequently amended, sought $2,000,000 in punitive damages stemming from his injuries and emotional distress. (*Id.* at 5.)

Plaintiff repeatedly failed to respond to Defendants' discovery requests, culminating in an Order instructing Plaintiff to respond by September 10, 2021. (Order of Service, ECF No. 92, at 1.) Plaintiff then received additional time to respond to Defendants' pending discovery requests, by no later than October 15, 2021. (Order, ECF No. 98 at 1.) Plaintiff again failed to respond. (Report at 2.)

On December 1, 2021, Defendants moved for dismissal pursuant to Federal Rule of Civil Procedure 41(b) for a failure to prosecute. (Defs.' Mot. to Dismiss, ECF No. 100, at 1.) On December 2, 2021, Magistrate Judge Lehrburger ordered Plaintiff to show cause in writing, by January 2, 2022, why his case should not be dismissed for a failure to prosecute. (Report at 2; Order to Show Cause, ECF No. 102, at 2.) Magistrate Judge Lehrburger warned Plaintiff that failure to respond to the Court's Order would result in a recommendation for dismissal on that basis alone. (*Id.*) To date, Plaintiff has neither responded to Magistrate Judge Lehrburger's Order, nor responded to his outstanding discovery obligations. (Report at 2.)

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a

mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B. Fed. R. Civ. P. 41 (b) Dismissal for Failure to Prosecute.

A court "has the inherent authority to dismiss for failure to prosecute sua sponte" pursuant to Rule 41(b) of the Federal Rules of Civil procedure. *Millenium Pipeline Co., LLC v. Bace Grp., Inc.*, No. 17-CV-9371, 2021 WL 4461336, at *1 (S.D.N.Y. Sept. 29, 2021) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). While this is at the discretion of district courts, it is a "harsh remedy to be utilized in extreme situations." (*Id.*) Furthermore, "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209.

Dismissal for a failure to prosecute should consider the (1) duration of plaintiff's failures; (2) whether plaintiff was notified "that further delays would result in dismissal because of the delay;" (3) prejudice to the Defendant by further delay; (4) the balance between "alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard;" and (5) the efficacy of lesser sanctions. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (quoting Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999)). No single factor is dispositive. *Martens*, 273 F.3d at 180.

### III. THE COMPLAINT IS DISMISSED FOR A FAILURE TO PROSECUTE

Magistrate Judge Lehrburger properly found that all five factors weigh in favor of dismissal. First, Magistrate Judge Lehrburger took notice that Plaintiff has failed to respond for over four months.[1] (Report at 2.) Magistrate Judge Lehrburger correctly notes that a court should be "especially hesitant to dismiss [a case] for procedural deficiencies where…the failure

---

[1] In the two months since Magistrate Judge Lehrburger issued his Report, Plaintiff has still not filed a response to either Defendants' outstanding discovery requests or the Court's Order to Show Cause.


is by a *pro se* litigant." *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). However, as Magistrate Judge Lehrburger details in the Report, Plaintiff received ample time to respond to his outstanding discovery requests. (Report at 1–2.) On the three occasions that Plaintiff failed to respond to any of Defendants' discovery requests, Magistrate Judge Lehrburger provided Plaintiff with new discovery deadlines and extended Plaintiff's time to respond. (Report at 1–2.) Magistrate Judge Lehrburger cites applicable caselaw which supports dismissal at this juncture. (Report at 3.) *See, e.g., Chavis v. City of New York*, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *R&R adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (dismissing a pro se action after a four-month delay); *Sanchez v. Bracketron, Inc.*, No. 20-cv-10102, 2021 WL 2440663, at *2 (S.D.N.Y. June 15, 2021) (dismissing an action where plaintiff failed to act for over three months and failed to respond to an order to show cause).

Second, Magistrate Judge Lehrburger warned Plaintiff on multiple occasions that failure to comply with his discovery obligations would result in the dismissal of this action for a failure to prosecute. The first was on July 28, 2021, when Magistrate Judge Lehrburger ordered Plaintiff to respond to Defendants' discovery requests for the first time. (July 28, 2021 Order, ECF No. 90, at 1.) The second was Magistrate Judge Lehrburger's August 11, 2021 Order of Service. (ECF No. 92 at 1.) The third was on September 13, 2021, when Magistrate Judge Lehrburger granted Plaintiff's request for an extension of time to respond to Defendants' outstanding discovery requests. (July 13, 2021 Order, ECF No. 98 at 1.) The fourth was on December 2, 2021 when Plaintiff was ordered to show cause, to which he has not responded. (Report at 2-3.) Thus, as Magistrate Judge Lehrburger concluded, "Plaintiff was warned on multiple occasions, including by order to show cause." (Report at 2.) Despite the leniency given to *pro se* plaintiffs, four

4

warnings are more than sufficient here. *E.g.*, *Chavis*, 2018 WL 6532865, at *4 (dismissal after two warnings).

Third, Magistrate Judge Lehrburger correctly found clear prejudice to Defendants due to the repeated delays of this case for over four months due to Plaintiff's failure to comply with the Court's various Orders and Defendants' discovery requests.

As for the fourth and fifth factors, Magistrate Judge Lehrburger correctly concluded that he has provided Plaintiff with an opportunity to be heard, and Plaintiff has not responded. (Report at 1-2; ECF No. 105 at 1.) Magistrate Judge Lehrburger also rightly found that "in light of previous orders, there is no reason to believe lesser sanctions would be effective." (Report at 3.) Plaintiff appears to have abandoned this case after his last communication in September, despite being threatened with dismissal four times. *See, e.g.*, *Nava v. Opai Thai Inc.*, No. 20-cv-3848, 2021 WL 1873153, at *2 (S.D.N.Y. May 10, 2021) (action dismissed where nothing in the record suggested that a less serious sanction would resolve the plaintiff's failure to comply).

## IV. CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED in full. Plaintiff's Amended Complaint, (ECF No. 23), is dismissed in its entirety. The Clerk of the Court is directed to close Defendant's motion, (ECF No. 100), accordingly.

Dated: May 24, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

5